# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:08CR00014 |
| v. | OPINION AND ORDER |
| GERTRUDE RAMSEY BURDINE, | By: James P. Jones |
| Defendant. | Chief United States District Judge |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant is charged in Count One of the Indictment in this case with health care fraud, in violation of 42 U.S.C.A. § 1320a–7b(a)(3) (West Supp. 2008), which statute provides, in pertinent part, that whoever "having knowledge of the occurrence of any event affecting . . . the initial or continued right to [payment under a Federal health care program] of any other individual . . . conceals or fails to disclose such event with an intent fraudulently to secure such . . . payment" shall be punished. *Id.*

The Indictment charges that the defendant was previously excluded from participating in a federal health care program based on her conviction for defrauding the Department of Labor. It further charges that she had knowledge of such

exclusion, she was actively participating at Wise Medical Equipment Rental, and that she concealed or failed to disclose such events, with an intent to defraud Medicare and Medicaid.[1]

It appears that the defendant's exclusion occurred after she pleaded guilty in this court in 1999 to mail fraud, resulting from her employment in medical supply companies operated by her sister and daughter that provided oxygen delivery systems to disabled coal miners. It was charged that the defendant participated in billing the Department of Labor for equipment that was not actually provided to patients. She was sentenced to two years imprisonment and ordered to pay restitution in the amount of $442,000. *See United States v. Burdine*, No. 99-4829, 2000 WL 1062043 (4th Cir. Aug. 3, 2000) (unpublished) (affirming sentence).

The defendant has now filed a Motion in Limine requesting the court to exclude any mention at trial of the details of her prior conviction, conditioned upon her willingness to stipulate to the fact of the prior disqualifying conviction and to her knowledge that she was disqualified from participating in a federal health care

---

[1] She is also charged in separate counts of the Indictment with falsely representing to a health care benefit program that she had a valid liability insurance policy, in violation of 18 U.S.C.A §§ 1347 (West 2000) and 1001(a) (West 2000 & Supp. 2008) (Counts Two and Three), and falsely representing to a government agent that a certain person had worked for Oren Burdine at one time, in violation of 18 U.S.C.A. § 1001(a) (Count Four). Oren Burdine was originally named as a defendant in this case, but has since died.

-2-

program. According to the defendant, this would allow the jury to properly consider "the true issues" in the case. (Mot. in Limine 2.)

The government objects to the motion on the ground that it intends to offer evidence of the details of the defendant's prior conviction based on Federal Rule of Evidence 404(b).

Under Rule 404(b), evidence of other crimes or acts "is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Such evidence is admissible under Rule 404(b) if it is (1) relevant to an issue other than character; (2) necessary "in the sense that it is probative of an essential claim or an element of the offense"; (3) reliable; and if (4) its probative value is not substantially outweighed by confusion or unfair prejudice. *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997). Evidence should be excluded if it is unfairly prejudicial—that is, if it is likely that the "emotions of the jury will be excited to irrational behavior"—and if this risk of unfair prejudice substantially outweighs the evidence's probative value. *United States v. Masters*, 622 F.2d 83, 87 (4th Cir. 1980).

Preliminary rulings on the admissibility of evidence are often made prior to trial in response to motions in limine filed by the parties. *See, e.g.*, *Luce v. United States*, 469 U.S. 38, 40-42 (1984). Such an evidentiary ruling in limine is advisory and can be modified at trial once all circumstances are revealed. *See, e.g.*, *In re Air Crash at Charlotte, N.C. on July 2, 1994*, 982 F. Supp. 1071, 1074 (D.S.C. 1996).

The government contends that the details of the prior conviction will be relevant to the defendant's knowledge and intent, particularly because there, as here, she denied participating in a relative's health care business.

It may very well be that the evidence that is the subject of the defendant's Motion in Limine will be admissible under Rule 404(b). At this point, however, I cannot determine the exact nature of the defense and thus whether the evidence will be relevant or unduly prejudicial. If the defendant does contend that she did not actively participate in the business of Wise Medical Equipment Rental, and there are not other overbalancing considerations, I may allow the admission of the details of the prior conviction.

Accordingly, I will deny the defendant's motion, but I will direct that the government not refer to the details of the prior disqualifying conviction without notice and opportunity for objection and ruling outside of the presence of the jury.

For these reasons, it is **ORDERED** that the Motion in Limine (#34) is DENIED.

>ENTER: February 18, 2009
>
>/s/ JAMES P. JONES
>Chief United States District Judge